UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSIE WALKER, III,

    Defendants.
_____/

Case No. 21-cr-20415

U.S. District Court Judge
Gershwin A. Drain

**<u>OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S SECOND MOTION FOR REVOCATION OF DETENTION ORDER (ECF NO. 42)</u>**

### I. INTRODUCTION

On June 10, 2021, a criminal complaint was filed alleging Defendant Jessie Walker, III impeded, intimidated, and interfered with government employees engaged in the performance of their duties in violation of 18 U.S.C. § 115. ECF No. 1. Subsequently, on June 23, 2021, a grand jury returned an indictment charging Walker with one count of influencing a federal official by threat in violation of 18 U.S.C. § 115(a)(1)(B). ECF No. 10. Specifically, the indictment alleges Walker "threaten[ed] to assault, kidnap, and murder employees of the United States Social

1

Security Administration . . . with the intent to retaliate against such employees on account of the performance of their official duties." *Id.* at PageID.16.

Presently before the Court is Walker's Second Motion for Revocation of Detention Order and for Release on Bond. ECF No. 42. Initially, the Government took no position on the Motion due to Walker's impending guilty plea and thus did not file a response. However, when the Court heard argument on the Motion during Walker's plea hearing on January 31, 2022, the Government lodged an objection. Based on the assessment conducted for Walker's First Motion for Revocation of Detention Order and Release on Bond, Pre-Trial Services opposes Walker's release but has nevertheless suggested conditions to be imposed if the Court were to allow him on bond. The Pre-Trial Services officer also indicated an updated Report and Recommendation was forthcoming based on Walker's renewed relationship with certain members of his family.

For the following reasons, the Court will **DENY WITHOUT PREJUDICE** Walker's Second Motion for Revocation of Detention Order and for Release on Bond (ECF No. 42). Specifically, the Court would like the opportunity to review the revised Pre-Trial Services Report and Recommendation and for Walker to undergo a mental health evaluation as discussed at the hearing.

2

## II.   BACKGROUND

### A. Factual Background

Walker applied for social security disability benefits in February 2021 and was denied on April 16, 2021.  In June of that year, he sent a letter written on social security appeals forms to the Social Security office in Roseville, Michigan.  The letter, which is dated June 3, 2021 and was received June 9, 2021, states in relevant part:

> My name is Jesse Walker III. I accouseing [sic] the SS Administration is stealing my Identity. My life is in danger I am getting phone calls from people telling me they found my wallet in Georgia on a Dead body and sent me the picture By phone I have Reported this to the Social Security Administration.  Nothing was Don [sic].  So every day I sit parked in front of the Nearest SS offic [sic] hoping some one show of [sic] so I can grab them, put them in the trounk [sic] of my car an [sic] Blow their Head of [sic].  SS is putting my life in Danger so I am going to Kill as many SS people that I Can especially Judges.  I Hate you People an [sic] the moment I Lay eyes on an SS Rep I am going to Kill them. FUCK OFF I want to kill all you Motherfucker.

ECF No. 20-1, PageID.100-01.  Alarmed by the letter, employees of the Roseville Social Security office closed their offices the next day.  ECF No. 20, PageID.87.

There is also evidence that Walker, who is a convicted felon, intends to obtain a gun.  First, on June 26, 2020, Walker contacted the Social Security office in Grand Rapids, Michigan to complain about the denial of benefits.  According to the report,

3

Walker told the official "he can't get a gun but can go buy a shotgun from Walmart." ECF No. 20-2, PageID.115. Next, in October of 2020, the mother of Walker's children, J.M., reported to the Lowndes Sheriff's Office that, during a disagreement, Walker threatened to buy a shotgun from Walmart and return to her residence. ECF No. 20-4, PageID.136. Later, in May of 2021, J.M. and Walker's daughter contacted J.M. to express concern because her father had told her he was trying to purchase a gun. ECF No. 20-5, PageID.143.

Then, on May 19, 2021, Walker got into an altercation with a man in a parking lot and called J.M. at her place of employment to tell her he needed her gun. *Id*. When she got home from work, Walker asked her to let him purchase her gun so he could "show mother fuckers that he ain't playing anymore." *Id*. Finally, one of J.M.'s former co-workers who now works at Walmart informed J.M. that she saw Walker attempting to purchase a gun at the store. *Id*.

**B. Walker's Background**

Walker is 53 years old. ECF No. 18, PageID.65. He is currently unemployed and has been for at least the last several years.[1] Walker has a supportive family,

---

[1] The Government states Walker has no history of employment, ECF No. 20, PageID.89, however, J.M. told the Social Security Administration Office of Investigations Walker used to work until he had a breakdown in the early 2000s. ECF No. 20-5, PageID.143.

4

including his brother and daughter who both have daily contact with him. *Id.* at PageID.67. Unfortunately, Walker suffers from mental health problems, including diagnosed depression and anxiety disorders, *id.* at PageID.62, and an alleged split personality disorder, *id.* at PageID.60. He is, however, eager to start treatment. *Id.* at PageID.66. He has a history of homelessness, but at the time of the charged conduct, Walker's brother had been paying for him to live at an extended-stay hotel until he could find Section 8 housing. *Id.* at PageID.66-67.

Walker has four prior felony convictions: two counts of assaulting, resisting, or obstructing a police officer (2015), larceny from person (2000), and possession of a controlled substance (1996). ECF No. 20, PageID.89. He also has numerous misdemeanor domestic violence convictions over the last sixteen years, at least one of which involved him threatening to get a gun as recently as October 2020. ECF No. 20, PageID.89.

**C. Procedural Background**

After a hearing held on June 21 and June 22, 2021, Magistrate Judge Stafford ordered Walker detained pending trial. ECF No. 11. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, she found the weight of the evidence as well as Walker's prior criminal history, history of violence, and lack of stable residence all favored detention. *Id.* at

5

PageID.20. Magistrate Judge Stafford explained Walker has a supportive family that was able to secure him housing in an extended-stay hotel, his criminal history does not include the use of weapons, and "he does not appear to have had a realistic plan to get one." *Id*. However, "Walker and his family were unable to propose a plan to provide him with supervision while his mental health is stabilized." Accordingly, "[b]ecause of Walker's history of assaultive behavior and his recent violent threats," Magistrate Judge Stafford was "not satisfied that allowing him to live on his own, without supervision, will reasonably assure the safety of the community." *Id*. She further stated a plan that would provide Walker with supervision while he is treated for his mental illness would be grounds for reconsideration of the detention order. *Id*.

On August 2, 2021, Walker moved for revocation of the detention order and release on bond. ECF No. 17. He maintained that his release, even if he were to live on his own, would not endanger the community. *Id.* at PageID.46. However, he also proposed release to a halfway house so he could live in a supervised setting while obtaining mental health treatment from Team Wellness. *Id*.

This Court denied Walker's Motion. ECF No. 28. After conducting a *de novo* review of the 18 U.S.C. § 3142(g) factors, this Court concluded, "The Government has established by clear and convincing evidence that there is no condition, or

6

combination of conditions that will reasonably assure the safety of the community if Defendant were released prior to trial." *Id.* at PageID.186. Specifically, this Court found a halfway house would not provide Mr. Walker with the supervision necessary to ensure the safety of the community. *Id*. The Court also concluded, "The Government has also shown by a preponderance of the evidence that there is no condition, or combination of conditions that will reasonably assure the appearance of Defendant as required." *Id*.

On November 23, 2021, Walker filed a Second Motion for Revocation of Detention Order and for Release on Bond. ECF No. 42. Walker's Second Motion raises the exact same arguments as his first. Specifically, he maintains that he would not be a danger to the community if release and allowed to live on his own but proposes release to a halfway house in the alternative. *Id.* at PageID.217. As stated *supra*, although it opposes his release, the Government did not respond to Walker's Motion in light of his impending plea.

At the hearing, Defense Counsel explained that, in the intervening time since the Motion was filed, Walker has reconciled with more of his family. As such, he would be able to stay with his father upon release.[2] Additionally, Walker has his

---

[2] During the hearing, Defense Counsel stated Walker could stay with his brother upon release, but the Pre-Trial Services officer later clarified he would be staying with his father.

7

own vehicle and would be able to drive himself to any court appearances or other appointments.

### III. LAW & ANALYSIS

#### A. Legal Standard

Release pending sentencing is governed by 18 U.S. Code § 3143. The statute provides in relevant part:

> the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added). "[T]he statute does not require the government to make an initial showing of dangerousness. Rather, it presumes dangerousness and the criminal defendant must overcome this presumption." *United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) (alteration in original) (quoting *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)).

## B. Discussion

As stated *supra*, 18 U.S. Code § 3143 presumes dangerousness—and thus that the defendant will be detained pending sentencing—and the burden is on the defendant to overcome this presumption. *Williams*, 2020 WL 4000854, at *1. The Court commends Walker for improving his relationship with his family such that he would be able to stay with his father upon his release. However, the Court does not yet have enough details regarding this revised post-release plan to determine whether it is sufficient to overcome the concerns that led both Magistrate Judge Stafford and this Court to deny Walker's earlier requests for release pending trial.[3] *See* ECF Nos. 11, 28.

Specifically, the Court is unaware of the extent of the supervision Walker's father is able to provide and his plan for dealing with Walker's mental health problems. The Court anticipates this information will be available in the updated Pre-Trial Services Report and Recommendation. Additionally, though there has been much discussion throughout this case regarding Walker's mental health problems, he has not yet undergone a formal evaluation. Such an evaluation would

---

[3] The Court notes the post-release plan proposed in Walker's Second Motion for Revocation of Detention Order and for Release on Bond is the same plan this Court already held does not provide adequate supervision to ensure community safety. ECF No. 28.

9

give the Court insight into Walker's ability to manage himself while out on bond, and Defense Counsel agreed to have an evaluation conducted. Thus, while this information is outstanding, the Court cannot, at this time, find by clear and convincing evidence there is any condition or combination of conditions that will reasonably assure Walker's appearance or the safety of the community. *See* 18 U.S.C. § 3143(a)(1).

### IV. CONCLUSION

Accordingly, for the reasons articulated above, the Court **DENIES WITHOUT PREJUDICE** Walker's Second Motion for Revocation of Detention Order and for Release on Bond (ECF No. 42).

**IT IS SO ORDERED**.

                                      s/Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT JUDGE

Dated: February 1, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 1, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager